# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jing Lu ) ) ) ) ) )<br><br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>Alejandro Mayorkas, in his official capacity as )<br>Secretary of the U.S. Department of Homeland )<br>Security; Ur M. Jaddou, in her official capacity as )<br>Director, US Citizenship and Immigration Services; )<br>Tim Houghton, in his official capacity as Director, )<br>USCIS New York City District Office )<br>)<br>Respondents. ) )| **PETITION FOR<br>WRIT OF MANDAMUS**<br><br><br>No. 1:22-cv-1460 |

## PETITION FOR A WRIT OF MANDAMUS

1.      Petitioner hereby petitions for a writ of mandamus to the United States Department of Homeland Security ("DHS"), US Citizenship and Immigration Services ("USCIS"), and its subordinating application processing center to compel further action on petitioner's Form I-485, Application for Adjustment of Status.

## JURISDICTION

2.      This action arises under the United States Constitution and the statutes of the United States. This Court has jurisdiction over this action under 28 U.S.C. §1331 (federal question).

3.      The Court has authority to issue declaratory and injunctive relief under 28 U.S.C.

§2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and its inherent equitable powers.

4.      Venue is proper in this district under 28 U.S.C. §1391 (e)(3).

## PARTIES

5.      Petitioner is citizen of China whose Form I-485, Application for Adjustment of Status is currently pending with USCIS.

6.      Respondent Alejandro Mayorkas is sued in his official capacity as Secretary of Department of Homeland Security ("DHS"). As Secretary of DHS, Mr. Mayorkas is responsible for the administration and enforcement of the immigration laws of the United States.

7.      Respondent Ur M. Jaddou is sued in her official capacity as Director of the United States Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). As Director of USCIS, Ms. Jaddou is responsible for overall administration of USCIS and the implementation of the immigration laws of the United States.

8.      Respondent Tim Houghton is sued in his official capacity as Director of the USCIS New York City District Office. As Director of the New York City District Office, Mr. Houghton is responsible for the administration and adjudication of all immigration petitions and applications falling within its territorial jurisdiction.

## STATEMENT OIF FACTS

9.      Petitioner is a citizen of China and an asylee in the United States after an Immigration Judge granted her application for asylum on 03/02/2018 in the immigration court in New York City.

10.    Petitioner filed a Form I-485, Application for Adjustment of Status to USCIS on July 5, 2019 pursuant to section 209 of the Immigration and Nationality Act.

11.    As of the date of filing the instant petition for a writ of mandamus, said application has not been adjudicated by USCIS. The receipt number associated with this application is SRC1990456477.

## PETITIONER HAVE EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES

12.    Petitioner to this date has contacted the USCIS repeatedly to inquire about the status of her immigration petitions.

13.    At the time of each inquiry, she was advised that her application  is being processed, and that she should contact the USCIS again if nothing happened in his cases within the next six months.

14.    To this date petitioner has waited for about two and a half years for a final decision on her application for adjustment of status.

15.    Petitioner has no other administrative remedy by which she may seek the USCIS to more meaningfully address the delays in the processing of her I-485 application.

## CAUSE OF ACTION

16.    Petitioner repeats and re-alleges each and every factual allegation set forth above as if they are fully alleged herein.

17.    Respondents have a duty to complete adjudication of petitioner's I-485 application within a reasonable period.

18.    Under the Administrative Procedures Act, codified as 5 U.S.C. § 555(a), agencies

are required to proceed with reasonable dispatch to conclude matters presented to them. Under the Administrative Procedure Act, 5 U.S.C. § 706 (a), the District Court is vested with the authority to compel agency action which has been unlawfully or unreasonably withheld or delayed.

19.    The agency's own regulation provides that the processing of a case may not be withheld except in cases in which "an investigation has been undertaken involving matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition . . ." 8 C.F.R. §103.2 (b)(8). If a case is validly withheld, it may not be withheld for more than a year. *Id.* If a case is withheld for more than a year, the district director must review the case and may grant only two six-month extensions where appropriate. *Id.* If the investigation is not completed by the second anniversary, the case must be referred to a regional commissioner. *Id.*

20.    Petitioner has a clear right to seek the USCIS to adjust her status to that of lawful resident of the United States pursuant to section 209 of the Immigration and Nationality Act.

21.    Respondents in this case have unreasonably and/or unlawfully delayed in the processing of Petitioner's Form I-485 Application.

22.    Respondent have no legitimate reasonable ground not to finish processing petitioner's immigration petitions after the passage of more than two and half years.

**PRAYER FOR RELEIF**

WHEREFORE, Petitioner prays the Court to:

I.    Issue a write of mandamus to compel Respondents to complete processing and

adjudicating Petitioner's Form I-485 application without further delay.

II.      Declare that Respondents have a duty to complete processing of Petitioner's Form Form I-485, Application for Adjustment of Status in a prompt manner without further unreasonably delay.

III.      Declare that any further delay by the Respondents in processing Petitioner's immigration petition will be unlawful.

IV.      Grant such other and further relief as the Court may deem proper and just.


Respectfully submitted,

Dated: February 22, 2022
       New York, NY                          /s/Zhen Liang Li_____
                                             ZHEN LIANG LI, ESQ. (ZL 0305)
                                             LAW OFFICE OF ZHEN LIANG LI
                                             ATTORNEYS FOR PLAINTIFFS
                                             39 East Broadway, Suite 304
                                             New York, New York 10002
                                             Tel: (212) 513-1583
                                             Email: zhenlianglilaw@gmail.com